UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Deborah Zuckerbrod, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>Gutman, Mintz, Baker & Sonnenfeldt, LLP,<br><br>  Defendant. | Docket No. 2:22-cv-6082<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Deborah Zuckerbrod ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Gutman, Mintz, Baker & Sonnenfeldt, LLP ("Defendant"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Bergen.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a domestic Limited Liability Partnership and is registered to accept service via its registered agent, c/o Rivkin Radler LLP, Attn: Scott Eisenmesser, at 926 RXR Plaza, Uniondale, New York 11556.

10. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1).

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a.  all individuals with addresses in the State of New Jersey;

    b.  to whom Defendant sent an initial collection letter;

    c.  attempting to collect a consumer debt;

    d.  which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021;

    e.  which failed to include all necessary information and notices under 12 CFR §§ 1006.34 and/or 1004.42; and

    a.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before October 14, 2022.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

  c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**Factual Allegations**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. At some time prior to August 24, 2022, Plaintiff allegedly incurred an obligation with 213 Bennet Avenue Owner, LLC ("Bennet Avenue") arising out of transactions incurred primarily for personal, family, or household purposes, specifically personal rent.

23. The alleged Bennett Avenue obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

24. Bennett Avenue is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

25. Upon information and belief, Bennett Avenue contracted Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation – August 24, 2022 Collection Letter*

27. On or about August 24, 2022, Defendant sent Plaintiff a collection letter ("Letter") regarding the alleged debt. *See* Letter attached as **Exhibit A**.

28. Plaintiff disputes the existence of this debt in its entirety.

29. Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

30. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

31. Defendant's Letter fails to include all of the information necessitated by Regulation F, in violation of the FDCPA.

32. 12 CFR § 1006.1 provides:

   (a) *Authority*. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.

   (b) *Purpose.* This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.

   (c) *Coverage.*

   (1) Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).

   (2) Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

33. 12 CFR § 1006.18(e) requires:

> (3) **Initial Communications**. A debt collector must disclose in its initial communication with a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

34. 12 CFR § 1006.22 states that "[a] debt collector must not use unfair or unconscionable means to collect any debt, including, but not limited to, the conduct described in paragraphs (b) through (f) of this section.

35. 12 CFR § 1006.34(c) further states:

> **Validation information**. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information.
>
> (1) **Debt collector communication disclosure**. The statement required by § 1006.18(e)
>
> (2) **Information about the debt**. Except as provided in paragraph (c)(5) of this section:
>
>> (i) The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original creditor information.
>>
>> (ii) The consumer's name and mailing address
>>
>> (iii) If the debt collector is collecting a debt related to a consumer financial product or service as defined in § 1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.
>>
>> (iv) The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.
>>
>> (v) The name of the creditor to whom the debt is currently owed.
>>
>> (vi) The itemization date.
>>
>> (vii) The amount of the debt on the itemization date.

 (viii) An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

 (ix) The current amount of the debt.

(3) *Information about consumer protections*.

 (i) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

 (ii) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

 (iii) The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

 (iv) If the debt collector is collecting debt related to a consumer financial product or service as defined in § 1006.2(f), a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection.

 (v) If the debt collector sends the validation notice electronically, a statement explaining how a consumer can, as described in paragraphs (c)(4)(i) and (ii) of this section, dispute the debt or request original-creditor information electronically.

(4) *Consumer-response information.* The following information, segregated from the validation information required by paragraphs (c)(1) through (3) of this section and from any optional information included pursuant to paragraphs (d)(3)(i) and (ii), (d)(3)(iii)(A), (d)(3)(iv) and (v), (d)(3)(vii) and (viii) of this section, and, if provided on a validation notice, located at the bottom of the notice under the headings, "How do you want to respond?" and "Check all that apply:":

   (i) *Dispute prompts.* The following statements, listed in the following order, and using the following phrasing or substantially similar phrasing, each next to a prompt:

   (A) "I want to dispute the debt because I think:";

   (B) "This is not my debt.";

   (C) "The amount is wrong."; and

   (D) "Other (please describe on reverse or attach additional information)."

   (ii) *Original-creditor information prompt.* The statement, "I want you to send me the name and address of the original creditor.", using that phrase or a substantially similar phrase next to a prompt.

   (iii) *Mailing addresses.* Mailing addresses for the consumer and the debt collector, which are the debt collector's and the consumer's names and mailing addresses as disclosed pursuant to § 1006.34(c)(2)(i) and (ii).

36. 12 CFR § 1006.34(d)(1) further states that "[t]he validation information required by paragraph (c) of this section must be clear and conspicuous."

37. Additionally, 12 CFR § 1006.42 requires:

   (a) *Sending required disclosures –*

      (1) *In General.* A debt collector who sends disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice, and in a form that the consumer may keep and access later.

38. Defendant's August 24, 2022 correspondence fails to include all of the information described above.

39. The Letter failed to include multiple disclosures and statements required pursuant the rules promulgated by the CFPB.

40. Specifically, the Letter fails to include an itemization date of any kind, any reference to an itemization date or a statement specifying the creditor on such date in violation of 12 CFR § 1006.34(c)(2).

41. The Letter further fails to provide any itemization or other breakdown of the debt with regard to interest, fees, payments, and credits since the itemization date as required by 1006.34(c).

42. Additionally, the Letter failed to provide any of the specific dates required under 12 CFR § 1006.34(c)(3) and thus it failed to properly advise Plaintiff of the relevant information concerning consumer protections.

43. The Letter further failed to provide the necessary Consumer-response information required under 12 CFR § 1006.34(c)(4).

44. In addition to failing to provide all of the information required by the various subsections of 12 CFR § 1006.34(c), the Letter also failed to clearly and conspicuously provide the validation information generally, in violation of 12 CFR § 1006.34(d).

45. Defendant also failed to provide the required disclosures in a manner that was reasonably expected to provide actual notice in violation of 12 CFR § 1006.42.

46. As a result, Plaintiff was unable to determine precisely when the validation periods would end, which the CFPB determined was necessary to have a fully informed consumer.

47. Defendant's omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

48. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

49. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

50. To that end, one important element of consumer protection revolves around keeping the consumer informed.

51. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

52. However, when a debt collector withholds key information about the debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

53. Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

54. As a result of Defendant's multiple FDCPA violations, Plaintiff was unable to evaluate her options of how to handle this debt.

55. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

56. Plaintiff was extremely upset and frustrated from getting this letter and feared being sued.

57. Furthermore, the Plaintiff disputes this debt in its entirety and the inclusion of the required information not only could have shed some light on this alleged debt but would have given her the proper mechanisms to dispute the debt.

58. These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

59. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

60. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

61. Congress further empowered the CFPB to promulgate rules for debt collectors to follow in their attempts to collect a debt.

62. As noted above, the CFPB set forth a series of rules under Regulation F, the primary purpose of such rules to ensure that the consumer is completely advised as to the status of the debt and the same were prepared with the least sophisticated consumer in mind.

63. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

64. Defendant's debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

65. Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

66. Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

67. Plaintiff was confused and misled to her detriment by the statements in the Letter and relied on the contents of the Letter to her detriment.

68. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

69. Because of this, Plaintiff expended time and money in determining the proper course of action.

70. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

71. In addition, Plaintiff suffered emotional and physical harm because of Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

72. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's demand for payment of this debt.

73. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

74. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

75. Defendant's Letter failed to include all necessary information, including but not limited to specific information regarding the debt and Plaintiff's rights in connection with the same.

76. As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

77. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

78. Plaintiff was confused and missed to her detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letter to her detriment.

79. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**Violations of the 15 U.S.C. § 1692e *et seq.***

80. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

81. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

82. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

83. Defendant violated § 1692e:

   a. In that the Letter omits a required representation of the character, amount, and/or legal status of the debt in violation of § 1692e(2)(A);

    b. By failing to include all of the necessary information regarding the debt, including the itemizations date, the name of the creditor to whom the debt was owed on the itemization date, the total amount due at the itemization date, and an itemization of the current amount of debt reflecting interest, fees, payments, and credits since the itemization date in violation of § 1006.34(c)(2);

    c. By failing to include any specification as to the dates that the validation period would end in violation of § 1006.34(c)(3);

    d. By failing to include the dispute prompts prepared by the CFPB, or anything resembling the same, in violation of § 1006.34(c)(4); and

    e. By making a false and misleading representation in violation of § 1692e(10).

84. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the FDCPA by failing to comply with the rules set forth in 12 CFR § 1006 *et seq.*, actual damages, statutory damages, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
### Violations of 15 U.S.C. § 1692f *et seq.*

85. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

86. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

87. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

88. Defendant violated §1692f:

    a. By omitting a material terms and notices from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

89. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF 15 U.S.C. § 1692g *et seq.*

90. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length.

91. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692g.

92. Pursuant to 15 U.S.C. § 1692g(a)(1) and (2), a debt collector must provide notice of a debt, including the amount of the debt and the name of the creditor to whom the debt is owed.

93. Defendant violated § 1692g(a):

    a. As the Letter fails to include all the information required under Reg F to be considered a valid initial collection letter.

94. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

95. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated: October 14, 2022

/s/ Christofer Merritt
**Stein Saks, PLLC**
By: Christofer Merritt, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
cmerritt@steinsakslegal.com
*Attorneys for Plaintiff*